IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

    Plaintiff,       No. CIV S-06-1850 GEB CMK P

   vs.

CALIFORNIA CORRECTIONS PEACE
OFFICER'S ASSOCIATION, et al.,

    Defendants.       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff has filed a request for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Plaintiff filed her[1] complaint on August 18, 2006. On September 8, 2006, plaintiff filed an amended complaint. As plaintiff may amend her complaint as a matter of right, the September 28, 2006 complaint is the operative complaint in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

---

[1] Plaintiff suffers from gender dysphoria and is a transsexual. Plaintiff has made a point to sign documents "Ms. Lonnie Williams." Accordingly, the court refers to plaintiff as "she" throughout the body of this order.

1  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
5  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him/her to relief.  Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       Plaintiff names forty-six defendants in this action, including the United States of
16 America, the State of California and two counties.  Plaintiff alleges that defendant Guerrero spit
17 into and placed poison into her food, in violation of the Eighth Amendment.  She alleges that
18 several of the other defendants are liable for interfering with the filing of grievances concerning
19 the alleged poisoning and are liable for failing to intervene or to "enforce their authority to
20 criminally investigate officials of the CDCR" who participated in the alleged poisoning.
21 Plaintiff also contends that defendant Defense Technology Federal Laboratory is "officially
22 liable for the excessive use of its product, " MK-9 Foggers.   Plaintiff also appears to contend
23 that she was denied due process in hearings stemming from the disciplinary infraction which
24 involved the use of MK-9 Foggers against plaintiff.

25       Plaintiff's complaint states a valid Eighth Amendment claim against defendant
26 Guerrero for allegedly depriving plaintiff of food.  However, it is impossible to determine

whether plaintiff's complaint states a cognizable due process claim. Plaintiff does not sufficiently link any defendants with her due process claims. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is cautioned that the Ninth Circuit has stated that inmates have no legitimate claim of entitlement to a prison grievance procedure. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, claims that defendants deprived her of a grievance process should be left out of any amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the court notes that on September 29, 2006, plaintiff filed a request for injunctive relief. In her motion for injunctive relief, she seeks the production of her medical and mental health records, in chronological order. As the complaint in this action will be dismissed, plaintiff has no basis for injunctive relief. Accordingly, the motion for injunctive relief will be denied, without prejudice, at this time. Plaintiff may file a request for injunctive relief with any amended complaint filed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's request for appointment of counsel (doc. 9) is denied without prejudice.

6. Plaintiff's motion for injunctive relief (doc. 11) is denied without prejudice.

DATED: October 4, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE